The Kugel Law Firm
Rachel Kugel, Esq.  (SBN 004442005)
Rachel@TheKugelLawFirm.com
One Gateway Center Suite 2600
Newark, N.J. 07102
Telephone: (973)854-0098
Facsimile: 1-866-572-0344
Attorneys for Plaintiff,
Steven Abrecht

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STEVEN ABRECHT,** | **Case No.:** |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| **WAKEFIELD AND ASSOCIATES,** | **DEMAND FOR JURY TRIAL** |
| Defendant | |

*III*

*III*

*III*

COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is a case about a financially responsible man who asserted his rights under the FDCPA only to continue to be contacted in violation of the law. This continued contact was performed in an effort to intimidate and confuse the consumer into paying a debt he had denied owing and refused to pay.

2. **STEVEN ABRECHT** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorneys fees, and costs, against **WAKEFIELD AND ASSOCIATES** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

COMPLAINT FOR DAMAGES

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FDCPA

10. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection

COMPLAINT FOR DAMAGES

practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. The FDCPA is a strict liability statute. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. See Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1060-61 (9th Cir. 2011); Donohue v. Quick Collect, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability

COMPLAINT FOR DAMAGES

statute that makes debt collectors liable for violations that are not knowing or intentional").

12. To further protect consumers, claims under the FDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. Gonzales at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. Id. In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the hypothetical least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. Id.; see also Tourgeman v. Collins Financial Servs., 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

13. Plaintiff is a natural person who resides in Ocean County, State of New Jersey. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant WAKEFIELD AND ASSOCIATES (hereinafter "Defendant Wakefield and Associates") is a Colorado corporation operating from an address of 10800 E Bethany Dr., Suite 450, Aurora, CO 80014, US and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection

COMPLAINT FOR DAMAGES

business and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact, was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

15. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.

## FACTUAL ALLEGATIONS

16. Plaintiff is an individual residing in Brick Township, State of New Jersey.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of New Jersey.

18. Defendant's business consists solely of the acquisition and collection of delinquent consumer debts.

19. On or about 4/8/21 WAKEFIELD AND ASSOCIATES contacted Mr. STEVEN ABRECHT via mail. This communication was essentially a "dunning" letter and contained the 1681(g) notice.

20. Thereafter on 4/14/21 Mr. ABRECHT sent via certified mail, a letter indicating that Mr. ABRECHT disputes the debt and refuses to pay. This letter made clear that Mr. ABRECHT wanted the debt collector to cease and desist from any

COMPLAINT FOR DAMAGES

further contact and revoked any and all permissions that might have previously existed.

21. Certified mail records indicate that this letter was received by WAKEFIELD AND ASSOCIATES at their publicly listed address that was included on their communications to Mr. ABRECHT on April 19, 2021 at 8:30 a.m..

22. Despite receipt of this notice, WAKEFIELD AND ASSOCIATES contacted the plaintiff again on April 27, 2021. This communication acknowledged that the collector was "in receipt" of Mr. ABRECHT's earlier communication.

23. The letter of April 27, 2021 was not for any allowable purpose under the FDCPA. It further harassed and upset Mr. ABRECHT as it contained personal and private medical diagnosis, the public knowledge of which were embarrassing and upsetting.

## ACTUAL DAMAGES

24. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

COMPLAINT FOR DAMAGES

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF § 1692c(c) OF THE FDCPA

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. A debt collector violates § 1692c(c) of the FDCPA when, If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except for limited circumstances. The subsequent communication of the defendant does not fall under any recognized exceptions.

27. If such notice from the consumer is made by mail, notification shall be complete upon receipt.

## COUNT II

## VIOLATION OF § 1692f OF THE FDCPA

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

COMPLAINT FOR DAMAGES

30. Here, the defendant violated HIPAA laws and invaded the privacy of the consumer. In so doing, the defendant made clear to the consumer that it was in possession of private information including diagnosis that it knew or should have known would cause the consumer substantial upset and harm. The consumer did not seek an itemized bill or dispute the specifics of the alleged debt. Disclosing that information served no legitimate purpose other than to unfairly stir upset and fear in the consumer designed to coerce him into paying the debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

    a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), against Defendant and for Plaintiff, and,

    b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

    c) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), against Defendant and for Plaintiff, and,

    d) Award to Plaintiff of such other and further relief as may be just and proper.

COMPLAINT FOR DAMAGES

## TRIAL BY JURY IS DEMANDED.

39.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                                                                             **THE KUGEL LAW FIRM**

DATED: August 6, 2021          BY: /S/ RACHEL KUGEL

                                                                                         RACHEL KUGEL, ESQ.
                                                                              ATTORNEY FOR PLAINTIFF,
                                                                                      STEVEN ABRECHT

COMPLAINT FOR DAMAGES